SOCIETE INTERNATIONALE POUR PAR-
TICIPATIONS INDUSTRIELLES ET
COMMERCIALES, S. A., etc., v. Mc-
GRATH et al.

C. A. No. 4360–48.

United States District Court
District of Columbia.

May 24, 1950.

See also, 9 F.R.D. 680.

Wm. Radner, Odell Kominers and Henry
G. Fischer, all of Washington, D. C., and
Graubard & Moskovitz, New York City,
of counsel, for intervenors.

John J. Wilson (of Whiteford, Hart,
Carmody & Wilson), of Washington, D. C.,
for plaintiff.

Harold I. Baynton, Acting Director,
Office of Alien Property, Washington, D.
C., David Schwartz, Special Assistant to
Attorney General, Sidney B. Jacoby, Paul
E. McGraw, David A. Wilson, Jr., Olga
H. Hoffmann and Anthony W. Gross, all
of Washington, D. C., for defendant.

TAMM, District Judge.

The present motion, filed by Eric G.
Kaufman and Aenni C. Kaufman, seeks
authority of the Court to intervene in
these proceedings. These petitioners base
their claim for intervention upon the fact
that they are the owners of 86 shares of
the capital stock of the plaintiff herein.
Their status, according to their motion, is
that they are not enemies, enemy nationals,
allies of enemies or nationals of allies of
enemies within the meaning of the Trad-
ing With The Enemy Act, 50 U.S.C.A.
Appendix, § 1 et seq. The petitioners claim
that they desire to intervene not only on
their own behalf but on behalf of all other
persons similarly situated; i. e., stockhold-
ers of the plaintiff who, like the movants,
are not now and have not been since De-
cember 6, 1941, enemies, etc., within the
meaning of the Trading With The Enemy
Act.

A few days prior to the filing of their
present motion, these same petitioners filed
in the Southern District of New York a
complaint against J. Howard McGrath, At-
torney General of the United States. In
that complaint, petitioners, as owners of
86 shares of the capital stock of the plain-
tiff, in the present action seek, under Sec-
tion 9 of the Trading With The Enemy
Act, 50 U.S.C.A.Appendix, § 9, to obtain
a judicial declaration that they are entitled
to the ownership, possession and enjoyment
of their proportionate share of the prop-
erty and funds seized by the Alien Prop-
erty Custodian from the plaintiff in the

1012

current action. No decision has yet been rendered in the case pending in the Southern District of New York.

Both the plaintiff and the defendant oppose the motion of the petitioners for leave to intervene herein and the matter has been argued fully by counsel for the petitioners, as well as counsel for the plaintiff and the defendant.

There is a general practice in this and other Federal Courts to take a liberal view towards motions to intervene, upon the apparent assumption that no substantial harm results from the granting of such motions. It is apparently felt that if the intervenor does not have a substantial right or interest in the proceedings, the ultimate disposition of the case will eliminate him without injury to the principal parties. This Court feels, however, that petitions or motions to intervene should be carefully scrutinized and granted only in cases in which there is either a legal right to intervene or in cases in which the motion definitely establishes that the petitioner has some interest or right which will not be adequately protected or enforced unless intervention is granted.

In the present proceeding the Court has carefully studied the nature and status of the substantive case, not only as between the present plaintiff and defendant, but also in so far as it relates to the interests of the petitioners as stockholders in the plaintiff corporation. The memoranda of points and authorities, as well as counsels' arguments, devote considerable attention to the question of whether the parties seek to intervene in a representative or in a derivative capacity. Counsel have argued as to the applicability or nonapplicability, depending upon their viewpoints, of Rules 23 and 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

From all of the data and authorities cited to the Court, it is the Court's conclusion that the facts appear to establish that the petitioners' action is definitely upon a representative basis. Assuming that this conclusion is correct, the Court rules that the petitioners have failed to establish their status in a representative capacity to intervene in this action. Appraising the pleadings and argument from a different viewpoint and assuming for the purpose of analysis that the petitioners seek to intervene upon a derivative basis, the Court finds that they are without legal status in this regard and not entitled to intervene.

The Court concludes that whether the petitioners predicate their motion to intervene either upon a representative or a derivative foundation, they are without proper status in either category to support their petition and, accordingly, the Motion to Intervene is denied.

Counsel will present appropriate Order.